OPINION.
Defendant-appellant Jacob Gray appeals his conviction and sentence from the Delaware County Court of Common Pleas on one count of complicity to inducing panic in violation of R.C.2923.03(A)(2), a felony of the fourth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 7, 1999, the Delaware Grand Jury indicted appellant on one count of complicity to inducing panic in violation of R.C.2923.03(A)(2), a felony of the fourth degree. The indictment alleged that appellant "did, aid or abet Heidi A. Kunzi in committing a violation of Section 2917.31(A)(1) of the Revised Code, Inducing Panic, said offense occurring at the Olentangy High School." At his arraignment on May 12, 1999, appellant entered a plea of not guilty to the charge contained in the indictment. Thereafter, a jury trial commenced on August 26, 1999. The following evidence was adduced at trial.
On April 29, 1999, at approximately 8:50 a.m., Bonnie Kociecki, an office aide at Olentangy High School, received a phone call while at the school. The caller, Kociecki testified, "said that there would be chaos in the school at noon." Trial Transcript at 31. During a second telephone call a few minutes later, a caller with the same voice told Janet Vance, a secretary at the school, that someone was going to "bring some "dangerous shit" into the school at noon. Trial Transcript at 37. While neither Janet Vance nor Bonnie Kociecki recognized the caller's voice, both testified that the caller sounded like a man in his early twenties.
After Principal Robert Thompson was notified of the two telephone calls, which came shortly after the incident at Columbine High School in Colorado, a decision was made to evacuate the high school and dismiss all 1,200 students for the remainder of the day. Principal Thompson testified that such decision was made because "[i]n this particular situation, we had a little bit of difficulty dealing with, chaos is going to happen at noon or at lunch time. We didn't know what that meant. We didn't know what we were looking for." Trial Transcript at 51. The next day, Detective James Lahmon of the Delaware County Sheriff's Office received a telephone call from Principal Thompson indicating that appellant may have been involved in making the threatening telephone calls to the high school. After speaking with Principal Thompson, Detective Lahmon went to the Big Bear grocery store where appellant was employed. Appellant, when asked by Detective Lahmon whether he had any knowledge of the telephone calls to Olentangy High School on April 29, 1999, advised Detective Lahmon that "he wanted to think about it." Trial Transcript at 87. Appellant, according to the detective, appeared very nervous and had beads of sweat rolling off of his hands. Detective Lahmon confirmed that appellant was working at the Big Bear store on the morning of April 29, 1999, and would have taken his break around the time the two threatening telephone calls were made to the high school.Detective Lahmon next contacted Heidi Kunzi, appellant's girlfriend at the time. After speaking with Heidi Kunzi, appellant returned to the Big Bear store to speak with appellant. At such time, appellant admitted to making the two threatening telephone calls to Olentangy High School on April 29, 1999. Appellant told Detective Lahmon that "Heidi Kunzi, his girlfriend and her sister, had requested the night before that he made the phone calls to the school in order for her to get out of either a test or something to that effect, and also possibly to go to lunch with him." Trial Transcript at 96. Appellant also made a written statement in which he admitted making the threatening telephone calls at Heidi Kunzi's request. Appellant told Detective Lahmon that he loved Heidi Kunzi and was afraid that she would dump him if he did not make the calls.
At trial, Heidi Kunzi testified that on April 28, 1999, she and appellant had talked about telephoning in a threat to Olentangy High School the next day. Kunzi testified that on such date "we were talking about the Columbine incident, and somehow talk came up of maybe doing something like this to my school." Trial Transcript at 125. Kunzi further testified that she did not take the matter seriously and, therefore, was surprised when Principal Thompson came over the high school intercom the next day to dismiss school because of the threatening telephone calls. According to Kunzi, "Jake and I had talked about it [making the threatening phone calls] earlier. And I thought he was kidding and that it was a joke." Trial Transcript at 125. After Principal Thompson came over the intercom, Heidi Kuntz called appellant at work. Appellant, Kunzi testified at trial, told her that he had made the two telephone calls. She also admitted that after school was dismissed for the day because of the calls, she went out to lunch with appellant.
Principal Thompson testified at trial that appellant, on or about May 5, 1999, came to the high school and told Thompson that "what he [appellant] had done was stupid and that Heidi Kunzi,. . .had nothing to do with the incident on the 29th." Trial Transcript at 56.
At the conclusion of the State's case, appellant orally moved for an acquittal based on Crim.R. 29. The trial court, however, denied appellant's motion on the record. After resting, the appellant renewed his motion for an acquittal. Such motion was denied by the trial court. Thereafter, on August 26, 1999, the jury returned with a verdict finding appellant guilty of complicity to inducing panic in violation of R.C. 2923.03(A)(2). A Judgment Entry memorializing the jury's verdict was filed on August 30, 1999. Thereafter, on September 1, 1999, appellant filed a written Motion for Judgment of Acquittal to which appellee filed a response on September 10, 1999. The trial court, pursuant to a Judgment Entry filed on October 1, 1999, denied appellant's motion. On the same date, appellant was placed on community control for a period of three years under specified terms and conditions. A Judgment Entry of Sentence was filed on October 1, 1999.
It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 ASSIGNMENT OF ERROR II
 APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN GIVING THE INSTRUCTIONS REGARDING THE ELEMENTS INDUCING PANIC PURSUANT TO REVISED CODE SECTION 2917.31(A)(1) BY OVERRULING APPELLANT'S REQUEST THAT THE CASE BE LIMITED TO A REPORT OF A "CATASTROPHE" AND BY OVERRULING APPELLANT'S REQUEST FOR A SPECIFIC INSTRUCTION REGARDING THE "CATASTROPHE" ELEMENTS.
 I
Appellant, in his first assignment of error, contends that the trial court erred in overruling appellant's motion for judgment of acquittal pursuant to Crim.R. 29. We concur.
Appellant, after appellee rested, orally moved the trial court for an acquittal, pursuant to Crim.R. 29, arguing that appellant could not have been convicted of complicity to inducing panic when the record was undisputed that appellant was the principal offender. The following is an excerpt from appellant's argument before the trial court:
 "MR. TYACK: The indictment in this case, Your Honor, does not charge Jacob Gray as a principal offender. The indictment charges Jacob Gray with complicity under 2923.03(A)(2). Specifically, it charges Jacob Gray with aiding and abetting Heidi Kunzi in committing the offense of inducing panic.
 The indictment here alleges that Heidi Kunzi is the principal offender. There is no evidence in the record to suggest that she is the principal offender at all. It is undisputed that it was a male voice here. We have evidence to suggest it was Jacob Gray who, in fact, made the calls.
 Your Honor, 2923.03(F) specifically states that a person can be indicted as the principal offender, and then if the evidence comes out at trial that he is, in fact, only an aider and abetter, an aider and abetter instruction can be given. It doesn't work in the opposite. The person cannot be indicated as an aider and abetter and then be tried as a principal offender.
 That principle was upheld by a reported decision in State versus Woods which I have here somewhere. State versus Woods, Your Honor, is a case that says — it is a reported case at 48 Ohio App.3d 1, syllabus two, which is incorporated in Ohio Jurisprudence 3d, Criminal Section 33 as valid law in the State of Ohio. It says that the trial court errs in instructing the jury on complicity under 2923.03, when the evidence adduced at trial would only have supported alternative findings that either the defendant acted as the principal offender, which is what we have here, or acted as an accessory after the fact, which we don't have. But we did have evidence here that Jacob Gray was not an aider and abetter; he is the principal offender. And given that evidence, it doesn't fit the charge. The State of Ohio cannot indict Jacob Gray as an aider and abetter and fail to prove that Heidi Kunzi committed any criminal offense. The State of Ohio could have indicted Jacob Gray, perhaps, as a principal offender, but that is not what has happened here."
Trial Transcript at 136-138. However, the trial court denied appellant's motion on the record, finding that reasonable minds could differ as to whether Heidi Kunzi was the principal offender. After the defense rested, appellant renewed his motion for acquittal. Such motion also was denied by the trial court. Subsequently, on September 1, 1999, after appellant's conviction, appellant filed a written Motion for Judgment of Acquittal on the same grounds. The trial court, pursuant to a Judgment Entry filed on October 1, 1999, denied appellant's motion.
Crim.R. 29(A) states as follows: "The court on motion of a defendant. . ., after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint if the evidence is insufficient to sustain a conviction of such offense or offenses." Pursuant to such rule, a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can differ as to whether each material element of a crime has been proved beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
Appellant, in the case sub judice, was convicted of complicity to inducing panic in violation of R.C. 2923.03(A)(2). The indictment specifically alleged that appellant "did aid or abet Heidi A. Kunzi in committing a violation of Section2917.31(A)(1) of the Revised Code, Inducing Panic." Appellant was not charged as the principal offender. R.C. 2923.03(A)(2) on complicity provides, in relevant part, that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall. . . .aid or abet another in committing the offense."[1] In turn, R.C. 2917.31(A)(1) on inducing panic states as follows: "No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by . . .[i]nitiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;".
Thus, for appellant to be convicted of complicity to inducing panic in the case sub judice, appellant must have aided or abetted Heidi Kunzi in causing the evacuation of Olentangy High School by initiating or circulating such a report or warning with knowledge of its falsity. Ohio courts have held that "aid" means to assist whereas "abet" means to incite or encourage. State v.Mootispaw (1996), 110 Ohio App.3d 566, 570. Therefore, in order to show complicity, the State must demonstrate that the defendant took some affirmative action to assist, encourage, or participate in the principal offender's commission of a crime by some act, deed, word or gesture. Id. at 570. A trial court errs in instructing a jury on complicity when the evidence adduced at trial would only have supported a finding that the defendant acted as the principal offender. State v. Woods (1988), 48 Ohio App.3d 1, paragraph two of the syllabus.[2]
Upon review of the record in the case sub judice, we find that the trial court erred in denying appellant's motion for judgment of acquittal of complicity to commit inducing panic since the evidence was undisputed that appellant acted as the principal offender.[3] As set forth in detail above, the evidence at trial was undisputed that appellant made the two threatening telephone calls to Olentangy High School. In contrast, however, there was no evidence that Heidi Kunzi acted as the principal offender by making the telephone calls in question or by initiating or circulating a report or warning of an "alleged or impending fire, explosion, crime, or other catastrophe." While appellee argues that Heidi Kunzi initiated the report by persuading appellant, her boyfriend, to make the threatening telephone calls, we do not concur. Such a broad reading of the term "initiating" as used in R.C. 2917.31(A)(1) would conflict with the principle of statutory construction that criminal statutes must be narrowly construed against the State of Ohio. SeeState v. Young (1980), 62 Ohio St.2d 370. In short, pursuant toWoods, supra., appellant could not have been convicted of complicity for aiding and abetting Heidi Kunzi under R.C.2923.03(A)(2) since the evidence adduced at trial only supported a finding that appellant acted as the principal offender rather than an aider or abetter. Construing the evidence in a light most favorable to the State, reasonable minds could not come to any other conclusion.[4] See Bridgeman, supra.
Appellant's first assignment of error is, therefore, sustained.
 II, III
Based on this Court's holding with respect to appellant's first assignment of error, appellant's second and third assignments of error are rendered moot.
For the foregoing reasons, we reverse the judgment of the Delaware County Court of Common Pleas and order that the charge against appellant be dismissed.
 __________________________ Edwards, J.
By Gwin, P.J. and Hoffman, J. concurs
[1] R.C. 2923.03(F) provides that "[w]hoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender.
[2] In Woods, supra., the court held that the jury was improperly instructed on complicity to commit murder when, under the witness' version of events, the defendant could only have been charged as a principal offender whereas under the defendant's version, the defendant was merely present at the scene of the crimes and acted not as an accomplice, but as an accessory after the fact.
[3] The trial court, in its October 1, 1999, Judgment Entry denying appellant's Motion for Judgment of Acquittal, stated that "[t]he evidence showed without any doubt that the Defendant made the threatening phone calls to Olentangy High School and was the principal offender."
[4] As the trial court noted in its October 1, 1999 Judgment Entry denying appellant's Motion for Judgment of Acquittal, appellee should have indicted appellant as a principal offender. If appellant had been indicted as a principal offender and the evidence adduced at trial could reasonably be found to have proven appellant guilty as an aider and abettor, a jury instruction on aiding and abetting could have been given by the trial court. See State v. Perryman (1976), 49 Ohio St.2d 14 at paragraph five of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and the charge against appellant is dismissed. Costs waived.